## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ABBEY GINGRICH** ) | **Case Number** |
| ) | |
| **Plaintiff** ) | |
| ) | **CIVIL COMPLAINT** |
| **vs.** ) | |
| ) | |
| **BUDZIK & DYNIA, LLC** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendant** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Abbey Gingrich, by and through her undersigned

counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant

and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.     Plaintiff, Abbey Gingrich (hereinafter "Plaintiff"), is an adult natural person

and brings this action for actual and statutory damages and other relief against Defendant

for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and

unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4

("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-

1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from

engaging in abusive, deceptive and unfair practices.

## II.    **JURISDICTION**

2.    Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.    Venue in this District is proper in that the Plaintiff resides in this District and the Defendant transacts business here.

## III.    **PARTIES**

4.    Plaintiff, Abbey Gingrich is an adult natural person residing at 84 W. Main Street, Newville, PA 17241.  At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.    Defendant, Budzik & Dynia, LLC at all times relevant hereto, is and was a Limited Liability Company engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 4345 North Milwaukee Avenue, Chicago, Ill 60641.

6.    Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.    **FACTUAL ALLEGATIONS**

7.    On or about March 26, 2010, Plaintiff received a call from Defendant's agent, "Lisa Ortiz", who was collecting on an alleged debt owed to Bank of America for

approximately $3,363.00.

8.    Plaintiff informed Defendant's agent, "Lisa Ortiz", that she had engaged the services of the law firm Persels & Associates, LLC for the purpose of helping her settle her unsecured debts and that they should call and speak with them directly on this matter.

9.    Defendant's agent, "Lisa Ortiz", responded to the Plaintiff by stating, "so you're telling me that you have nothing to offer me".

10.    Plaintiff again asked Defendant's agent to please contact her attorney at Persels & Associates, LLC. Defendant's agent then hung-up on the Plaintiff.

11.    On that same day, Plaintiff called back and spoke again with Defendant's agent, "Lisa Ortiz", and explained to her again that she would pay the debt if she had the money, but that she could not at this time.

12.    Defendant's agent, "Lisa Ortiz", then transferred the Plaintiff over to a male agent who did not give his name.

13.    This agent demanded payment from the Plaintiff.

14.    Plaintiff was informed by this agent, that it was his job to try and get a settlement out of her.

15.    Plaintiff again informed Defendant's agent, that she did not have the money to pay at this time. Plaintiff was again hung-up on.

16.    On or about March 29, 2010, Defendant's agent, "Lisa Ortiz", called the Plaintiff again and asked what she needed to do to try and get payment out of her.

17.    Plaintiff reiterated that she was still with Persels & Associates, LLC and that Defendant had to contact them directly.

18.    Defendant's agent, "Lisa Ortiz", told the Plaintiff that she had already called Persels & Associates and that they told her that they had nothing to offer her at this

time.

19.     Plaintiff was then told by Defendant's agent, "Lisa Ortiz", that if she didn't do anything about this debt soon that they would be coming after her in court.

20.     Plaintiff was then hung-up on again.

21.     On or about April 14, 2010, Plaintiff was left a message from Defendant's agent, "Lisa Ortiz", who stated that the Plaintiff had better call her back immediately and let her know what her plans were to get this debt paid.

22.     On or about April 16, 2010, Plaintiff received another call from Defendant's agent, "Lisa Ortiz", who informed the Plaintiff that she had forty-eight (48) hours to get back to her with a schedule for payment or "something was going to happen".

23.     On or about April 19, 2010, Defendant's agent, "Lisa Ortiz", called back again wanting to know if the Plaintiff had anything to offer yet.

24.     Plaintiff went on to remind the Defendant's agent that her actions of continuing to call after knowing that she was represented by an attorney were in violation of The Fair Debt Collection Practices Act (FDCPA).

25.     Defendant's agent seemed to get angry and responded to the Plaintiff, "so you are again telling me that you don't have anything for me".

26.     Before ending the call, Defendant's agent, "Lisa Ortiz", threatened the Plaintiff by telling her that they would be putting a lien attachment on her property if she didn't make a payment immediately.

27.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff in connection with the collection of a debt.

28.     The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

29.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

30.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

31.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

32.     The above paragraphs are hereby incorporated herein by reference.

33.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(2):   After it knows the consumer to be represented by an attorney

unless attorney consents or is unresponsive

§ 1692d:   Any conduct that natural consequence of which is to harass,

oppress or abuse any person

§ 1692d(5):   Caused the phone to ring or engaged any person in telephone

conversations repeatedly

§ 1692d(6):   Place telephone calls without disclosing his/her identity

§ 1692e:   Any other false, deceptive or misleading representation or

means in connection with the debt collection

§ 1692e(2):   Character, amount, or legal status of the alleged debt

§ 1692e(4):   Nonpayment of any debt will result in the imprisonment of

any person or the seizure, garnishment or attachment

§ 1692e(5):   Threaten to take any action that cannot legally be taken or

that is not intended to be taken

§ 1692e(10):   Any false representation or deceptive means to collect a debt

or obtain information about a consumer

§ 1692f:   Any unfair or unconscionable means to collect or attempt to

collect the alleged debt

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in

their favor and against Defendant, Budzik & Dynia, LLC and Order the following relief:

a.   Actual damages;

      b.     Statutory damages pursuant to 15 U.S.C. §1692k;

      c.     Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

      d.     Such addition and further relief as may be appropriate or that the interests of

justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

35.     Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

36.     The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

37.     The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

38.     The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

39.     The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

40.     Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

41.     As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

42.     By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.      Actual damages;

b.      Treble damages;

c.      An award of reasonable attorneys fees and expenses and costs of court; and

d.      Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

43.     The foregoing paragraphs are incorporated herein by reference.

44.     Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

45.     The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

46.     The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a.      Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.      Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.      Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

47.     As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

48.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.      An Order declaring that Defendant violated the UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V.   **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: April 21, 2010**          **BY: /s/Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff